## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

STEPHANIE WALKER, )
)
    Plaintiff, )
)
v. ) Case No. CIV-18-1194-PRW
)
NORMAN PUBLIC SCHOOLS, )
)
    Defendant. )

## **ORDER**

Defendant Norman Public Schools has moved to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the Amended Complaint fails to state a claim upon which relief can be granted.[1] According to NPS, (1) Plaintiff Stefanie L. Walker's claims were filed too late, (2) she failed to exhaust her administrative remedies, and (3) the Amended Complaint does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a).[2] Walker filed a response in opposition (Dkt. 10) on April 8, 2019, well after the deadline for such a response had passed. The response addressed the timeliness argument, but failed to respond to NPS's other arguments. NPS filed a reply (Dkt. 11) on April 15, 2019. For the reasons set forth below, the motion is granted.

---

[1] Def.'s Mot. to Dismiss (Dkt. 8); Def.'s Mem. in Supp. of Mot. to Dismiss (Dkt. 9).

[2] *Id*.

1

**Background**

Walker is a former NPS employee whose employment was terminated in May 2016.[3] She alleges that NPS discriminated against her in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and other unspecified federal law(s) purportedly protecting her from "retaliation."[4] According to Walker, NPS discriminated against her in May 2015, and from August 2015 through August 2016.[5] Walker attaches to her Amended Complaint the Charge of Discrimination that she presented to the U.S. Equal Employment Opportunity Commission on August 9, 2018.[6] She also attaches a letter from the EEOC dated September 11, 2018, notifying Walker that the EEOC had investigated her charge, found no violation by NPS, and informing her that she accordingly had the right to sue.[7]

**Analysis**

In reviewing a 12(b)(6) motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[8] While a complaint need not recite "detailed factual allegations," "a plaintiff's obligation to provide the grounds of [her] entitle[ment] to relief requires more than labels

---

[3] Am. Compl. (Dkt. 7) at 6.
[4] *Id*. at 4.
[5] *Id*. at 5.
[6] Am. Compl. (Dkt. 7-2).
[7] Am. Compl. (Dkt. 7-1).
[8] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver,* 101 F.3d 1344, 1352 (10th Cir.1996)).

and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9] In short, the pleaded facts must establish that the claim is plausible.[10] There are several reasons why the Amended Complaint does not satisfy this standard.

*First*, the Amended Complaint fails to state any claims upon which relief can be granted. In her Amended Complaint, Walker says she brings this action for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990,[11] and other unspecified federal law protecting her from "Retaliation."[12] In the "Statement of Claim" section of the Complaint, Walker claims the following discriminatory conduct: (1) termination of her employment, (2) failure to accommodate her disability, (3) unequal terms and conditions of her employment, and (4) retaliation.[13] Walker also asserts that she continues to suffer discrimination by NPS based on her race and disability, specifically that she is an "African American Female not afforded the same opportunity as my Caucasian Co-workers to continue employment" and that her disability is breast cancer and NPS "refused to continue employment in any capacity in order to maintain insurance [for] upcoming surgeries at Cancer Treatment

---

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted) (alteration in original).

[10] *Id*.

[11] Am. Compl. (Dkt. 7) at 4.

[12] *Id*. at 5.

[13] *Id*.

Centers of America."[14] Even viewing the Complaint in the light most favorable to Walker, she fails to state a claim upon which relief can be granted.

Take the allegations of discrimination based on race and disability.[15] To constitute a violation of Title VII or the ADA, an alleged adverse employment action must be *caused by* the employee's race or disability. Under Title VII, a plaintiff must make a prima facie showing "(1) that [s]he is a member of a racial minority, (2) that [s]he suffered an adverse employment action, and (3) that similarly situated employees were treated differently."[16]

Walker alleges that (1) she is African American[17] and (2) she was terminated.[18] But her other allegations, that she was "not afforded the same opportunity as [her] Caucasian Co-workers to continue employment"[19] and that her new supervisor "began to treat [her] different than [her] other co-workers,"[20] does not sufficiently allege that similarly situated employees were treated differently. Walker fails to allege any facts to indicate that these Caucasian co-workers were similarly situated to her. Without more, Walker's allegations of racial discrimination do not state a claim under Title VII.

---

[14] *Id.* at 6.

[15] *Id.*

[16] *Trujillo v. Univ. of Colorado Health Scis. Ctr.*, 157 F.3d 1211, 1215 (10th Cir. 1998) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

[17] Am. Compl. (Dkt. 7) at 6.

[18] *Id.*

[19] *Id.*

[20] *Id.*

"To establish a prima facie case of discrimination under the ADA, an employee must show: (1) she is disabled within the meaning of the ADA; (2) she is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) she was discriminated against because of her disability."[21] Walker alleges that her disability is breast cancer,[22] NPS "refused to continue employment in any capacity in order to maintain insurance [for] upcoming surgeries at Cancer Treatment Centers of America,"[23] at the end of her due process hearing, "nothing was done to accommodate [her] disability or continue [her] insurance,"[24] and NPS "did not accommodate plaintiff's disability to maintain employment in any category to continue with insurance coverage."[25]

While Walker satisfies the first element of discrimination under the ADA by alleging that breast cancer is her disability, she fails to allege that she possesses the qualifications to perform the essential functions of her job or that the alleged discrimination occurred *because of her breast cancer*. Viewing the pleadings in the light most favorable to Walker, the Complaint still fails to state an ADA discrimination claim.

To state a failure-to-accommodate claim under the ADA, Walker must allege that she "(1) is disabled; (2) is 'otherwise qualified;' and (3) requested a plausibly reasonable

---

[21] *Osborne v. Baxter Healthcare Corp.*, 798 F.3d 1260, 1266 (10th Cir. 2015) (quoting *Mason v. Avaya Commc'ns, Inc.*, 357 F.3d 1114, 1118 (10th Cir. 2004)).

[22] Am. Compl. (Dkt. 7) at 6.

[23] *Id*.

[24] *Id*. at 7.

[25] *Id*. at 8.

5

accommodation."[26] Walker again cites breast cancer as her disability, says that she was discriminated against by "failure to accommodate my disability," and then makes the conclusory allegation that "nothing was done to accommodate my disability." As NPS points out, Walker makes no factual allegations that she is otherwise qualified to perform her job duties, or that she made any request for an accommodation to NPS.[27] Without factual allegations supporting the elements of a failure-to-accommodate claim, the Amended Complaint fails to state a claim upon which relief can be granted.

Lastly, while Walker alleges NPS retaliated against her in violation of federal law, she fails to indicate which federal law, leaving NPS without "'fair notice of what the . . . claim is and the grounds upon which it rests.'"[28] Plaintiff therefore fails to state a retaliation claim.

*Second*, even if Walker had stated plausible claims, she brought the "Retaliation" claim too late. A charge of unlawful employment practices under 42 U.S.C. § 2000e-5 (2012) must be filed within 300 days "after the alleged unlawful employment practice occurred" when the aggrieved person "has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice."[29][30] Walker alleges

---

[26] *Sanchez v. United States Dep't of Energy*, 870 F.3d 1185, 1195 (10th Cir. 2017) (quoting 29 U.S.C. § 794(a) (2012)).

[27] Def.'s Mem. in Supp. of Mot. to Dismiss (Dkt. 9) at 12.

[28] *Bell Atl. Corp.*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[29] 42 U.S.C. § 2000e-5(e)(1) (2012).

[30] If the State or local agency notifies the aggrieved person that it has terminated the proceedings, the aggrieved person must file his or her charge within thirty days after receiving notice, or within 300 days after the alleged unlawful employment practice

that the "Retaliation" occurred in May 2015, while the "Discrimination/Retaliation/Disability" occurred from August 2015 until August 2016.[31] Using the last day of each of those months, Walker thus had until March 26, 2016, to file her "Retaliation" claim and until June 27, 2017, to file her "Discrimination/Retaliation/Disability" claim.

Even if the Amended Complaint is read in the light most favorable to Walker, as alleging she filed her charge in January 2017, that's nine months too late. There is nothing that could be done at this point to cure the untimeliness of her "Retaliation" claim, so there is no need to provide Walker an opportunity to amend. The "Retaliation" claim is accordingly dismissed with prejudice.[32]

---

occurred, whichever is earlier. *See* 42 U.S.C. § 2000e-5(e)(1) (2012). Here, Walker went before the school board for a due process hearing in August of 2016. She states that at this hearing she "did not regain employment and nothing was done to accommodate [her] disability or continue [her] insurance." Am. Compl. (Dkt. 7) at 7. Even though the statute may arguably be read to require Walker to have filed this action within thirty days of August 2016 based on her allegations, the Court considers the timeliness of her filing under the more generous 300-day standard for purposes of this motion. The Court notes that if Walker only had thirty days from her due process hearing in August 2016 to file a charge with the EEOC, then her alleged filing in January 2017 is untimely as to both her "Retaliation" and "Discrimination/Retaliation/Disability" claims.

[31] Am. Compl. (Dkt. 7) at 5.

[32] *See Chase v. Divine*, 543 F. App'x 767, 769 (10th Cir. 2013) (dismissal with prejudice is appropriate where plaintiff fails to state a claim that is time-barred, making it futile); *Hertz v. Luzenac Grp.*, 576 F.3d 1103, 1117 (10th Cir. 2009) ("[T]he trial court may deny leave to amend where amendment would be futile.").

The "Discrimination/Retaliation/Disability" claim is more complicated. Walker claims that she filed a charge with the EEOC in January 2017,[33] which, if true, would arguably make that charge timely.[34] The charge attached as an exhibit to the Amended Complaint,[35] however, is signed, notarized, and dated August 9, 2018.[36] Walker addresses this incongruity by claiming that "[t]he original Form 5 was Issued October 2, 2017,"[37] and that the EEOC "reissued an AMENDED Form 5 on August 8, 2018 and EEOC granted the Notice of Right to Suit on September 11, 2018."[38] Urging the Court to take her at her word, Walker argues that she "has met all deadlines according to EEOC's reissued Form 5 and

---

[33] *Id*. at 7.

[34] *See supra* note 30.

[35] The Court can consider the EEOC charge attached to the Complaint on two separate bases. First, the Court may take judicial notice of matters of public record, like the EEOC charge, and consider those matters in a Fed. R. Civ. P. 12(b)(6) motion to dismiss without converting the motion to one for summary judgment. *See Tal v. Hogan*, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006); *Romens v. City of Colorado Springs*, 2015 WL 4607659, at *4 (D. Colo. Aug. 3, 2015) (unpublished) (taking judicial notice of EEOC Charge). "The documents [containing matters of public record] may only be considered to show their contents, not to prove the truth of matters asserted therein." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see Tal*, 453 F.3d at 1265 n. 24. Accordingly, the Court does not consider the truth of the matters asserted in the EEOC charge on this basis, but does consider it to show its existence and the kind of information contained therein. Second, the Tenth Circuit is clear that documents attached to a complaint are considered part of that complaint in consideration of a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *See Tal*, 453 F.3d at 1265 n. 24 ("Exhibits attached to a complaint are properly treated as part of the pleadings for purposes of ruling on a motion to dismiss."); *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 965 (10th Cir. 1994); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) ("A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal.").

[36] Am. Compl. (Dkt. 7-2) at 1.

[37] Pl.'s Resp. to Mot. to Dismiss (Dkt. 10) at 1.

[38] *Id*.

Notice of Right to Suit and met the deadline to file the Federal Lawsuit within the time frame allowed."[39]

Walker's "Discrimination/Retaliation/Disability" claim would arguably not be time-barred if she filed an EEOC charge in January 2017 as she alleges. But NPS argues notwithstanding the date cited in the Complaint, the later date of the charge attached to Walker's Complaint controls the timeliness question.[40] It does not; well-pleaded facts in a complaint are taken as true and viewed in the light most favorable to the plaintiff at this stage of the litigation. Just because the charge attached to the Complaint is dated August 9, 2018, does not preclude the possibility that Walker filed an earlier charge in January 2017. Indeed, she claims as much in the response.[41] Accordingly, the claim is not time barred, but the other defects highlighted in this order still prompt dismissal.

*Lastly*, Walker filed her response to the motion to the dismiss (Dkt. 10) thirty-three days after the deadline established by Local Rule 7.1(g). And according to that rule, "[a]ny motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed."[42] Moreover, in her belated response, Walker failed to address the bulk of the arguments made by NPS in its motion to dismiss. Walker addressed the timeliness of her suit, but failed to address whether she exhausted her administrative remedies as required

---

[39] *Id.*

[40] Def.'s Mem. in Supp. of Mot. to Dismiss (Dkt. 9) at 5–6.

[41] *See* Mot. to Reject the Dismissal of Pl. Stephanie Walker vs. Independent School District No.29 of Cleveland Cty., Oklahoma (Dkt. 10) at 1.

[42] W.D. Okla. Civ. R. 7.1(g).

by Title VII and the ADA; whether she stated a claim upon which relief can be granted; and whether the Court should exercise supplemental jurisdiction over any state law claims. Under Fed. R. Civ. P 8(b)(6), these failures to respond are considered an admission of the correctness of NPS's arguments.[43]

## Conclusion[44][45]

Any one of the pleading deficiencies in Walker's Complaint justify dismissal. In addition, the untimeliness of Walker's response to the motion, and the substantive unresponsiveness of her response, also require the Court to find that NPS's motion to dismiss should be granted. For these reasons, the case is dismissed with prejudice.

**IT IS SO ORDERED this 21st day of August, 2019.**

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[43] "An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6).

[44] Although NPS argues that the Court should decline to exercise supplemental jurisdiction over any state law claims, Plaintiff only brings federal claims, so this argument is moot.

[45] The Court also notes that the Complaint appears to allege that she was retaliated against due to Walker's complaints about safety; nowhere in the Complaint does she allege retaliation based on her race or disability. *See, e.g.*, Am. Compl. (Dkt. 7) at 8 ("Plaintiff filed a grievance against supervisor for providing a hostile work environment, and lost employment due to complaining of safety issues at the School Site.").